UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BOBBY G. WARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-0398-CVE-PJC |
| | ) | |
| THE CITY OF GROVE, OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant City of Grove's Motion for Summary Judgment and Dismissal and Brief in Support (Dkt. # 42). Plaintiff has alleged five counts in his complaint: (1) that he was retaliated against for exercising his right to free speech in violation of the First Amendment, (2) that a municipal code provision violates his right to substantive and procedural due process under the Fourteenth Amendment, (3) that a municipal code provision violates his right to equal protection under the Fourteenth Amendment, (4) that a municipal code provision violates the Due Process Clause of the Oklahoma Constitution, and (5) that a municipal code provision violates the laws of the State of Oklahoma. Dkt. # 2.

### I.

The following facts are undisputed.[1] Defendant the City of Grove, Oklahoma, (Grove) "is a municipal corporation organized and existing under the laws of the State of Oklahoma." Dkt. # 2, at 1; see also Dkt. # 9, at 1. Plaintiff is a real estate investor who owns and develops mobile home

---

[1] Plaintiff has disputed four of the material facts stated by the City of Grove, Oklahoma. Dkt. # 54, at 1-2. As plaintiff has not denied the remaining material facts asserted by the City of Grove, Oklahoma, nor specifically controverted them in his own statement of material facts, they are deemed admitted. See LCvR 56.1(c).

parks. Dkt. # 54-6, at 2. Plaintiff purchased a twenty-acre parcel of undeveloped land approximately eight years ago. Dkt. # 42-1, at 4, 13-14. That parcel is zoned "Lake Front Resort" (LFR). Dkt. # 2, at 2-3; Dkt. # 9, at 2. Mobile homes and mobile home parks may be built on property zoned LFR. Dkt. # 54-3, at 7. Plaintiff attempted to begin developing his parcel in approximately December 2012[2] and intended to place mobile homes on the parcel. Dkt. # 42-1, at 5-6, 12. Additionally, at approximately the same time, plaintiff allowed a dilapidated mobile home to be placed onto the property. Dkt. # 42-1, at 8-9. Grove officials requested that plaintiff remove the mobile home, and plaintiff removed the mobile home. Id. at 11; Dkt. # 56-1, at 11.

"For the purpose of promoting health, safety, morals, or the general welfare of the community, a municipal governing body may regulate and restrict . . . the location and use of buildings, structures and land for trade, industry, residence or other purposes." Okla. Stat. tit. 11, § 43-101. The powers conferred by section 43-101 are zoning powers. See id. § 44-101. "In order to avail itself of the powers conferred by this article, the municipal governing body shall appoint a commission to be known as the zoning commission to recommend the boundaries of the various original districts and to recommend appropriate regulations to be enforced therein." Id. § 43-109. If a municipality exercises its zoning powers, its governing body must provide for the appointment of a board of adjustment. Id. § 44-101. Boards of adjustment have the power to:

> 1. hear and decide appeals if it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of any zoning ordinance;
> 2. hear and decide special exceptions to the zoning ordinance to allow a use, or a specifically designated element associated with a use, which is not permitted by right

---

[2] The source cited by Grove in support of this fact actually states that development began in December 2013. Dkt. # 42-1, at 6. However, this conflicts with the timeline established by other evidentiary materials. See e.g., Dkt. # 42-5. Additionally, plaintiff does not object to the fact that the development began in December 2012. Dkt. # 54, at 1-2.

2

> in a particular district because of potential adverse effect, but which if controlled in the particular instance as to its relationship to the neighborhood and to the general welfare, may be permitted by the board of adjustment, where specifically authorized by the zoning ordinance, and in accordance with the substantive and procedural standards of the zoning ordinance;
>
> 3. authorize in specific cases a variance from the terms, standards and criteria that pertain to an allowed use category within a zoning district as authorized by the zoning ordinance when such cases are shown not to be contrary to the public interest if, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done; provided, however, the board shall have no power to authorize variances as to use except as provided by paragraph 4 of this section;
>
> 4. hear and decide oil and/or gas applications or appeals unless prohibited throughout a municipality by municipal ordinance. The board of adjustment shall be required to make the findings prescribed by Section 44-107 of this title in order to grant a variance as to use with respect to any such application or appeal.

Id. § 44-104.

Grove's City Planning Commission (Planning Commission) acts as Grove's zoning commission. Grove, Okla., City Code § 12-112 (2012). It has the power to "prepare and recommend to the city council zoning district boundaries and appropriate regulations relating to . . . the location and use of buildings, structures, and land for trade, industry, residences, and other purposes." Id. Grove has provided for the appointment of a board of adjustment. Id. § 12-201. Grove's Board of Adjustment (Board of Adjustment) has the power "[u]pon appeal to decide any question involving the interpretation of any provision of these Regulation [sic]," "[t]o hear and decide special exceptions to the terms of these Regulations," "[t]o vary or adapt the strict application of any of the requirements hereunder in the case of exceptionally irregular, narrow, shallow or steep lots, or other exceptional physical conditions," and "[t]o hear and decide appeals where it is alleged that there is an error of law in any order, requirements, decision, or determination made by an administrative official in the enforcement of these regulations." Zoning Ordinance of the City of

3

Grove § 8-1. Plaintiff was, at one time, a member of the Planning Commission. See e.g., Dkt. # 42-21, at 2.

It is undisputed that prior to October 16, 2012, the Grove City Code included a provision requiring a developer wishing to place mobile homes upon a parcel to poll nearby real property owners. Grove, Okla., City Code § 5-1004 (2011). Unless seventy-five percent of the property owners within a 300-foot radius of the parcel agreed to the placement of the mobile homes, no permit for placing mobile homes on the parcel was to be issued. Id. § 5-1006. On October 16, 2012, Grove adopted Ordinance No. 657. Grove, Okla., Ordinance No. 657 (October 16, 2012). City officials believed that it was unclear whether Ordinance No. 657 repealed the polling requirements. E.g., Dkt. # 42-4, at 4-5.

Plaintiff spoke with Grove officials regarding his development plans. Dkt. # 42-1, at 8. On January 16, 2013, Brandon Watkins, Grove's City Attorney, sent plaintiff a letter stating that he was aware that plaintiff wished to place mobile homes on his twenty-acre parcel. Dkt. # 42-5. The letter also included copies of certain Grove ordinances with which Warden believed plaintiff would be required to comply. Id. The attached ordinances included Grove, Okla., City Code §§ 5-1004 to 5-1006 (2012). Dkt. # 42-5. Although plaintiff believed that he was not required to satisfy the polling requirement, he nonetheless attempted to do so. Dkt. # 42-1, at 16. Plaintiff did not poll all of the adjacent homeowners and did not garner the support of seventy-five percent of the adjacent homeowners. Id. at 21-22.

Plaintiff placed signs on his property that violated Grove's ordinances and altered a billboard in violation of Grove's ordinances. Dkt. # 54-2 (audio recording at 27:25 to 32:25 and 48:35 to 49:10); Grove, Okla., Ordinance No. 628 (Oct. 18, 2011) (repealed July 2, 2013) (prohibiting signs

from being attached to trees, allowing only one real estate sign per lot, and forbidding the alteration of nonconforming signs--including billboards). Plaintiff was removed from the Planning Commission by a vote of the Grove City Council on February 19, 2013. Dkt. # 42-1, at 33; Dkt. # 42-21, at 1-2; Dkt. # 54-2 (audio recording at 1:45 to 1:55 and 49:15 to 49:40). In March 2013, plaintiff placed a trailer on his twenty-acre parcel and received a citation from Grove for doing so. Dkt. # 42-1, at 23-25.

"Prior to commencing a new development, intended developers must apply for site plan approvals before the [Planning Commission]. If the subject property is unplatted, the developer must also apply for plat approval before the [Planning Commission]." Dkt. # 42-6, at 1; see also Dkt. # 42-10, at 5, 9-10 (requiring plat approval by the Planning Commission prior to development that subdivides a parcel). Only after the Planning Commission has issued final approval may permits be issued for new development. Dkt. # 42-6, at 2. Plaintiff has not submitted an application to the Planning Commission for his intended mobile home development on his twenty-acre parcel. Id.; Dkt. # 42-1, at 30-31. After attempting to satisfy the polling requirement, plaintiff spoke to Debra Bottoroff, Grove's Assistant City Manager, who informed him that the polling requirement was still in force. Dkt. # 42-6, at 1; Dkt. # 54-8, at 143-44.[3] Plaintiff took no further steps to develop his property beyond filing this lawsuit. Dkt. # 54-8, at 144.

On July 3, 2013, plaintiff filed a complaint. Dkt. # 2. In his first count, plaintiff alleges a 42 U.S.C. § 1983 claim that Grove has violated his First Amendment right to freedom of speech. Id. at 8. Plaintiff alleges that "certain officials and officers of [Grove], as well as others acting in concert with such officials and officers" have retaliated against plaintiff in response to plaintiff's

---

[3]  Plaintiff also states that a Grove City Attorney informed him that the polling requirement was still in force. Dkt. # 56-1, at 11-13.

5

"protestations in public meetings as well as elsewhere on public matters concerning, among other things, the regulatory burden imposed upon [p]laintiff." Id. at 5. The retaliatory acts alleged by plaintiff include: removing plaintiff from his position on the Grove Planning Commission without meaningful justification, citing plaintiff for an alleged violation of an allegedly non-existent municipal ordinance, selectively reporting plaintiff's mobile home parks, despite a lack of probable cause, to the Oklahoma State Department of Environmental Quality and other regulatory agencies, planting "fast growing high bushes alongside [p]laintiff's mobile home park . . . with the objective and ultimately the effect of blocking the mobile home park from view of the traveling public, subjecting plaintiff's "advertising signage" to removal orders, and publically ridiculing plaintiff. Id. at 5-6. Plaintiff alleges that these retaliatory actions "have had a chilling effect upon the [p]laintiff's exercise of his right to free speech." Id. at 8. In his second count, plaintiff alleges that Grove's regulatory code, specifically, Grove, Okla., City Code §§ 5-1004 to 5-1006 (2012), violates his rights to substantive and procedural due process under the Fourteenth Amendment. Dkt. # 2, at 8-9. In his third count, plaintiff alleges that those provisions violate the Equal Protection Clause of the Fourteenth Amendment. Id. at 9-10. In his fourth count, plaintiff also alleges that the regulatory code violates his right to due process under the Oklahoma Constitution. Id. at 10. Finally, in his fifth count, plaintiff alleges that the regulatory code "impermissibly delegates legislative power" and "contravenes Oklahoma law pertaining to Building and Zoning [Okla. Stat. tit. 11, § 43-101 et seq.]. Id. at 11.

On July 1, 2014, Grove filed a motion for summary judgment. Dkt. # 42. Grove argues that plaintiff's due process claims, under both the United States and Oklahoma Constitutions, and plaintiff's equal protection claim are unripe. Id. at 16-18. Grove argues that adequate administrative

remedies preclude plaintiff's claim that his right to procedural due process was violated. Id. at 18-21. Grove also argues that plaintiff's substantive due process claim must fail because plaintiff's fundamental liberty interests have not been infringed and because there has not been an exercise of government power that shocks the conscience. Id. at 21-32. Grove argues that plaintiff's equal protection claim must fail because no fundamental right or suspect classification is at issue, because a reasonable basis for the challenged ordinances exists, and because there is no evidence of bad faith or specific, personal hostility. Id. at 32-34. Grove argues that plaintiff's First Amendment claim, as it relates to the citation issued to plaintiff, is not ripe. Id. at 34-36. Additionally, Grove argues that the retaliatory acts alleged by plaintiff would not chill a person of ordinary firmness, were not motivated by plaintiff's exercise of his right to free speech, and were not driven by a municipal policy or custom. Id. at 36-40. Finally, Grove argues that Okla. Stat. tit. 11, § 43-101 et seq. does not provide plaintiff with a private right of action. Id. at 40-41.

Plaintiff has responded to Grove's motion. Dkt. # 54. Plaintiff argues that no administrative review existed. Id. at 5-8. Plaintiff also argues that the challenged regulatory code shocks the conscious. Id. at 8. Plaintiff argues that "he has a fundamental right in the use and enjoyment of his land" and that the challenged regulatory code is arbitrary and discriminatory and "advances no legitimate governmental interest." Id. at 9-10. Plaintiff maintains that his right to free speech was violated. Id. at 10-11. Finally, while plaintiff concedes that Okla. Stat. tit. 11, § 43-101 et seq. does not provide a private right of action, he argues that the challenged regulatory code "goes far beyond the authority granted to [Grove] by the State of Oklahoma." Id. at 11. Grove has filed a reply. Dkt. # 58.

**II.**

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

**III.**

8

**A. Plaintiff's Federal Claims**

**1. Ripeness**

Grove argues that plaintiff's due process and equal protection claims are not ripe. Dkt. # 42, at 16-18.[4] Plaintiff bears the burden of establishing that his claims are ripe. Signature Props. Int'l Ltd. P'ship v. City of Edmond, 310 F.3d 1258, 1265 (10th Cir. 2002). Plaintiff argues that his claims are ripe because neither the Planning Commission, nor the Board of Adjustment, could provide review of the challenged sections of Grove's City Code. Dkt. # 54, at 5-8.

The Supreme Court has held that "a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 186 (1985). While a plaintiff need not appeal a governmental entity's final decision prior to filing a suit, the plaintiff must first resort to any non-remedial procedures, such as requesting a variance. Id. at 190-94. The Tenth Circuit has extended the Williamson County ripeness test to substantive due process and equal protection claims in the context of zoning decisions.[5] Landmark Land Co. of Okla., Inc. v. Buchanan, 874 F.2d 717, 722

---

[4] Grove also argues that plaintiff's First Amendment claim as it relates to a citation issued to plaintiff is not ripe. Dkt. # 42, at 34-36. Plaintiff concedes that the citation cannot form the basis for his First Amendment claim because that portion of the claim is unripe. See Dkt. # 54, at 10. Therefore, plaintiff's First Amendment claim should be dismissed to the extent that it is based upon the citation.

[5] However, equal protection claims dealing with suspect classes or a fundamental right are not subject to the same ripeness test. Landmark Land Co. of Okla., Inc. v. Buchanan, 874 F.2d 717, 722 n.3 (10th Cir. 1989), abrogated on other grounds by Fed. Lands Legal Consortium ex rel. E.A. Robart Estate v. United States, 195 F.3d 1190 (10th Cir. 1999). Plaintiff does not claim to be a member of a suspect class. See Dkt. # 54, at 9. He does claim that he "has a fundamental right in the use and enjoyment of his land subject only to reasonable

(10th Cir. 1989), abrogated on other grounds by Fed. Lands Legal Consortium ex rel. E.A. Robart Estate v. United States, 195 F.3d 1190 (10th Cir. 1999); see also Signature Props. Int'l, 310 F.3d at 1265 (applying the final decision ripeness test to a substantiative due process claim despite the lack of a Fifth Amendment takings claim).

Plaintiff has not received a final decision regarding his proposed mobile home development. Plaintiff has not even applied for a permit for his development, as plaintiff has not sought the approval of the Planning Commission, a prerequisite to applying for a permit. Dkt. # 42-6, at 1-2. Additionally, there are no evidentiary materials suggesting that plaintiff has sought a variance, and, given that he has not sought the approval of the Planning Commission nor applied for a permit, it is incredibly unlikely that he has applied for a variance. See Williamson Cnty. Reg'l Planning Comm'n, 473 U.S. at 190 (stating that a final decision had not been reached because the plaintiff has not requested a variance). By failing to apply to develop his property, plaintiff prevented Grove from issuing a final decision on whether he would be allowed to develop his property. Such an application could not be considered futile, given that Grove officials were unsure if the polling requirement was still in force or applicable. See Dkt. # 42-4, at 4-5; Dkt. # 56-1, at 8; see also Grove, Okla., Ordinance No. 657 (October 16, 2012).[6] As Grove has yet to issue a final decision

---

regulations that are rationally related to a legitimate local governmental interest." Id. The right identified by plaintiff is indistinguishable from the right at issue in Landmark. See 874 F.2d at 718-20. Therefore, the test articulated in Landmark is applicable to plaintiff's equal protection claim.

[6] Plaintiff's claim that no administrative body could review the validity of the polling ordinance is moot; without seeking the approval of the Planning Commission or applying for a permit, plaintiff could not be certain that the polling provisions would be enforced against him--and if the provisions were not enforced there would be no need for review.

regarding plaintiff's proposed development, plaintiff's federal substantive due process and equal protection claims are unripe and should be dismissed.

A procedural due process claim is not actionable "until the State fails to provide due process." Zinermon v. Burch, 494 U.S. 113, 125-26 (1990); see also Santana v. City of Tulsa, 359 F.3d 1241, 1244 (10th Cir. 2004) ("A party cannot create a due process claim by ignoring established procedures."). Because plaintiff has not yet sought the approval of the Planning Commission or applied for a permit, Grove has not even been given the opportunity to fail to provide plaintiff with due process. Plaintiff's federal procedural due process claim is likewise unripe and should be dismissed.[7]

## 2. First Amendment Claim[8]

Grove argues that plaintiff's First Amendment claim must fail because Grove's actions did not cause an injury "that would chill a person of ordinary firmness," because Grove's actions were

---

[7] Although the Tenth Circuit held in Landmark that the plaintiff's procedural due process claim was ripe, despite the substantive due process claim and equal protection claim being unripe, that case is distinguishable. The defendant city in Landmark withheld a permit requested by the plaintiff. 874 F.2d at 723. Plaintiff in this case has not even requested a permit. Dkt. # 42-1, at 30-31; Dkt. # 42-6, at 2. Plaintiff simply cannot state that he has been denied procedural due process when he has not even attempted to receive a permit, as he has not yet been denied anything. Additionally, Landmark is distinguishable because, in this case, the loss alleged in plaintiff's substantive due process claim is the same as the loss alleged in plaintiff's procedural due process claim (i.e., the inability to construct or place mobile homes on plaintiff's property). See Dkt. # 2, at 9. Because plaintiff's substantive due process claim is unripe, see supra, and plaintiff's procedural due process claim is based upon the same alleged loss, plaintiff's procedural due process claim is also unripe. See Rocky Mountain Materials & Asphalt, Inc. v. Bd. of Cnty. Comm'rs of El Paso Cnty., 972 F.2d 309, 310-11 (10th Cir. 1992) (dismissing a procedural due process claim as unripe because it was based upon the same loss as an unripe takings clause claim arising out of the imposition of a zoning regulation).

[8] As discussed supra n.4, plaintiff's First Amendment claim as it relates to a citation issued to plaintiff is not ripe and should be dismissed. Therefore, this aspect of plaintiff's claim will not be analyzed.

11

not "substantially motivated as a response to [plaintiff's] exercise of constitutionally protected free speech," and because no municipal policy or custom was the moving force behind the alleged deprivation of plaintiff's right to free speech. Dkt. # 42, at 36. Plaintiff's only response is to state that, because he was "public enemy number one" and because "there was no mercy," Grove's alleged actions would cause any person to "give thought to withdrawing from the limelight for fear of further loss." Dkt. # 54, at 10-11.

A claim for retaliation in violation of the First Amendment against a non-employer requires proof of three elements:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000) (internal quotation marks omitted).[9] "[W]hen the plaintiff alleges that the defendant's action was taken in retaliation for protected speech, our standard for evaluating that chilling effect on speech is objective, rather than subjective . . . a trivial or de minimis injury will not support a retaliatory prosecution claim." Shero v. City of Grove, Okla., 510 F.3d 1196, 1203 (10th Cir. 2007) (quoting Eaton v. Meneley, 379 F.3d 949, 954-55 (10th Cir. 2004)) (internal quotation marks omitted) (alterations in original). Additionally, "[a] municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff. Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom

---

[9] Grove admits that the first element is met, but disputes that the second and third elements have been met. Dkt. # 42, at 36.

and the injury alleged." Hinton v. City of Elwood, Kan., 997 F.2d 774, 782 (10th Cir. 1993) (citation omitted).

The retaliatory acts alleged by plaintiff are: (1) removing plaintiff from his position on the Planning Commission, (2) selectively reporting plaintiff's mobile home parks, despite a lack of probable cause, to the Oklahoma State Department of Environmental Quality and other regulatory agencies, (3) planting bushes alongside plaintiff's mobile home park, (4) removing plaintiff's advertisements, (5) ridiculing plaintiff in public meetings, (6) having the Grove fire department call plaintiff to inform him that he needed to keep his property mowed, and (7) contacting the Grove police department and stating that plaintiff "was illegally moving mobile homes." Dkt. # 2, at 5; Dkt. # 56-1, at 14-15. Each of the alleged retaliatory acts fails to meet the requirements of a claim for retaliation in violation of the First Amendment.

Plaintiff's first (removing plaintiff from his position on the Planning Commission) and second (reporting plaintiff's mobile home parks to the Oklahoma State Department of Environmental Quality) alleged retaliatory acts fail to meet the third prong of the Worrell test. "A plaintiff's subjective beliefs about why the government took action, without facts to back up those beliefs, are not sufficient to create a genuine issue of fact." Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan., 582 F.3d 1155, 1165 (10th Cir. 2009). Plaintiff has provided no evidentiary materials tending to suggest that his mobile home park was reported to the Department of Environmental Quality for a reason other than that proffered by Grove (that there had been complaints of raw sewage running on the ground of the park). See Dkt. # 42-4, at 11-13. Likewise, there are no facts--as opposed to mere beliefs--suggesting that plaintiff was removed from the Planning Commission for any reason other than those stated at the City Council meeting. See Dkt.

# 42-20, at 1; Dkt. # 42-21, at 2; Dkt. # 54-2 (audio recording at 27:25 to 32:25 and 42:50 to 49:40);[10] Grove, Okla., Ordinance No. 628 (Oct. 18, 2011) (repealed July 2, 2013) (prohibiting signs from being attached to trees, allowing only one real estate sign per lot, and forbidding the alteration of nonconforming signs--including billboards). There are no facts tending to establish that those retaliatory actions were substantially motivated as a response to the plaintiff's exercise of his free speech rights.

Plaintiff fourth (removal of plaintiff's advertisements) and seventh (contacting the Grove police department about allegedly illegal acts) alleged retaliatory acts also fail to satisfy the third prong of the Worrell test. Plaintiff is unable to identify the perpetrator of either alleged act. Dkt. # 42-1, at 48-51. There are simply insufficient evidentiary materials to establish that these unidentified employees were acting pursuant to municipal policy or custom. Plaintiff cannot meet the test articulated in Hinton with respect to these alleged retaliatory acts. See 997 F.2d at 782.

Plaintiff's fifth alleged retaliatory act (ridiculing plaintiff in public meetings) cannot constitute an unconstitutional retaliatory act. See Phelan v. Laramie Cnty. Cmty. College Bd. of Trs., 235 F.3d 1243, 1247-48 (10th Cir. 2000) (stating that "[a]lthough the government may not restrict, or infringe, an individual's free speech rights, it may interject its own voice into public discourse" and holding that mere censure does not infringe on a plaintiff's free speech rights); Zilich v. Longo, 34 F.3d 359, 363-64 (6th Cir. 1994) (holding that a city council expressing its disapproval

---

[10] One Grove city councilor did comment that he did questioned whether a member of the Planning Commission who has an adversarial legal relationship with the Planning Commission should continue to serve on the Planning Commission. Dkt. # 54-2 (audio recording at 46:10 to 47:50). However, plaintiff does not raise that comment in his response. See Dkt. # 54, at 10-11. Additionally, even without that councilor's vote, a majority of councilors still voted to remove plaintiff from the Commission. See Dkt. # 42-21, at 1-2; Dkt. # 54-2 (audio recording at 1:45 to 1:55 and 49:15 to 49:40).

of a former counselor does not violate the First Amendment).[11] The remainder of plaintiff's alleged retaliatory acts cannot satisfy the second prong of the Worrell test. Receiving phone calls from a fire department that mention the requirement to keep grass mowed and having bushes planted alongside a business, even when considered collectively, simply would not chill a person of ordinary firmness. Summary Judgment should be granted as to plaintiff's First Amendment claim, except as to the unripe citation issuance claim (see supra n.4).

**B. Plaintiff's State Law Claims**

Plaintiff's remaining claims arise under state law. Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction over claims related to claims over which it has original jurisdiction. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); see Gaston v. Ploeger, 297 F. App'x 738, 746 (10th Cir. 2008)[12] (stating that § 1367(c)(3) expressly permits a district court to decline to exercise supplemental jurisdiction over remaining state law claims after granting summary judgment in favor of defendant on federal law claims). This Court does not have original jurisdiction over plaintiff's claims arising under the Oklahoma Constitution, because those claims arise under state law and there is no diversity jurisdiction. The decision to exercise supplemental jurisdiction is discretionary, but courts should consider "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by

---

[11] Additionally, there are no evidentiary materials suggesting that this action has caused anything more than a de minimis and trivial injury to plaintiff.

[12] This decision is not precedential, but is cited for its persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

retaining jurisdiction." Anglemyer v. Hamilton Cnty. Hosp., 58 F.3d 533, 541 (10th Cir. 1995) (quoting Thatcher Enters. v. Cache Cnty. Corp., 902 F.2d 1472, 1478 (10th Cir. 1990)).

The Court finds that the extent of the pretrial proceedings does not outweigh the interests that would be served by having plaintiff's state law claims tried in a state court. Judicial economy would be served by having the Oklahoma courts resolve issues of Oklahoma law, and the parties have an interest in having their Oklahoma law disputes decided in a court intimately familiar with that law. Further, the Tenth Circuit has "repeatedly recognized that this is the preferred practice." Gaston, 297 F. App'x at 746; see Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims."); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995) (noting that there are "the best of reasons" for a district court to defer to a state court rather than retaining and disposing of state law claims). The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

**IT IS THEREFORE ORDERED** that Defendant City of Grove's Motion for Summary Judgment and Dismissal and Brief in Support (Dkt. # 42) is **granted in part and moot in part**. It is granted with respect to count one, except as to the unripe citation issuance claim, and is moot with respect to the remainder of count one and counts two through five.

**IT IS FURTHER ORDERED** that the remainder of count one and counts two and three are dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that this Court declines to exercise supplemental jurisdiction as to counts four and five, and they are dismissed.

**IT IS FURTHER ORDERED** that Defendant City of Grove's Motion in Limine and Brief in Support (Dkt. # 34) is **moot**.

**DATED** this 26th day of August, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE